

**SO ORDERED.**

**SIGNED this 31 day of May, 2006.**

_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| JOHN HOWARD FITTELL and | ) | |
| VALERIE POIDEVIN FITTELL | ) | Case No. 05-40854 |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |
| ESTATE OF MICHAEL JOHN MAHER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 05-7063 |
| | ) | |
| JOHN HOWARD FITTELL and | ) | |
| VALERIE POIDEVIN FITTELL | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER AND OPINION
DENYING DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on Defendants' Motion to Dismiss.[1] This matter constitutes a core proceeding, and the Court has jurisdiction to decide it.[2]

I. **FINDINGS OF FACT**

The facts of this case, at least as they relate to the pending Motion to Dismiss, are not in dispute.[3] Defendants, John Fittell and Valerie Fittell (the "Fittells" or "Debtors"), were appointed co-executors of the Estate of Michael John Maher (the "Estate") by the District Court of Douglas County, Kansas. The Fittells paid themselves approximately $9,203.25 in executor fees without first seeking court approval for the payments. The Fittells were later replaced by a substitute executor, Jeffrey Heeb.

The Fittells filed their bankruptcy petition on March 30, 2005, and listed the Estate as a creditor on their bankruptcy schedules as a non-priority, unsecured creditor with a disputed debt of $9,203.25. The Fittells also listed Mr. Heeb's name under that of the Estate (in the same box).

This adversary proceeding was filed on June 17, 2005, by "Estate of Michael John Maher" as Plaintiff, with no mention of Mr. Heeb or any other individual serving as executor. In its Complaint, the Estate claims that the Fittells owe it $18,406.50, representing double damages for paying themselves executor fees from property of the Estate, without prior court approval. The Fittells filed their answer on August 25, 2005, raising as an affirmative defense that "Plaintiff has failed to name the real party in interest as Plaintiff in this case."[4] On February 22, 2006, the Court entered the Final

---

[1] Doc. 30.

[2] 28 U.S.C. §§ 157(b)(2)(I) and 1334.

[3] This Court has previously set out many of the relevant facts in its Memorandum Order and Opinion Denying Plaintiff's Motion for Summary Judgment (Doc. 35), which are incorporated herein by reference.

[4] Doc. 16 at ¶ 8.

2

Pretrial Conference Order drafted by the parties.[5] In § 7.2 of that order, the Fittells again raised the following affirmative defense:

> The "Estate of Michael John Maher" is not the real party in interest. An administrator or executor of an estate is the real party in interest in any suit brought in the name of an estate. The personal representative of the Michael John Maher (sic) has not been named as a party to this lawsuit, and the time for amendments has expired. This issue was raised as an affirmative defense if (sic) defendants' answer to the adversary complaint, and therefore, plaintiff was on notice of this defense.

On April 11, 2006, the Fittells filed the current motion to dismiss on the basis that the Estate was not the real party in interest and that the date for amending the complaint had passed with no request to substitute Mr. Heeb as Plaintiff. The Estate has responded that it believes it is the proper party and has the capacity to sue and be sued. In the alternative, the Estate seeks leave to amend the petition to name Mr. Heeb as Plaintiff.

## II. CONCLUSIONS OF LAW

The Fittells contend that the Estate is not the real party in interest in this case. Every action must be brought in the name of the real party in interest.[6] However, an executor or administrator may sue in his own name without joining the party for whose benefit the action is brought.[7] The purpose of this rule is to protect a defendant against a subsequent action by the party actually entitled to recover, and to insure that the judgment will have its proper effect as res judicata.[8]

---

[5] Doc. 32.

[6] Fed. R. Civ. P. 17(a) (made applicable to adversary proceedings in bankruptcy cases pursuant to Fed. R. Bankr. P. 7017). This case was filed before October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 become effective. All statutory references to the Bankruptcy Code are to 11 U.S.C.A. §§ 101 - 1330 (2004), unless otherwise specified, and all references to the Federal Rules of Bankruptcy Procedure are to Fed. R. Bankr. P. (2004), unless otherwise specified.

[7] *Id.*

[8] Fed. R. Civ. P. 17(a) 1996 Advisory Committee Note.

3

Fed. R. Civ. P. 17(a), while seeking to protect defendants from suits brought by improper parties, also provides an opportunity for plaintiffs to correct erroneous pleadings to prevent dismissal of their cases. "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest . . . ."[9] Substitution of the proper party in interest "shall have the same effect as if the action had been commenced in the name of the real party in interest."[10] The purpose of allowing substitution of parties is to avoid the forfeiture of meritorious claims.[11]

The Court finds that substitution of Mr. Heeb, in his capacity as administrator of the Estate, is warranted in this case under Rule 17(a). Although the Fittells did raise this issue in both their Answer and in the Pretrial Order, they did not file a dispositive motion on this, or any other, basis, on or before the deadline for doing so of January 26, 2006.[12] In fact, they did not actively pursue dismissal of this case on the basis that Mr. Heeb had not been named as the Plaintiff until the Court specifically questioned their intent to do so on April 6, 2006.[13] As noted above, the basis for Rule 17(a) is to prevent subsequent lawsuits by the proper party in interest and to ensure that the Court's final order has res judicata effect on all proper parties. Allowing substitution of Mr. Heeb fulfills the

---

[9]Fed. R. Civ. P 17(a).

[10]*Id.*

[11]*Scheufler v. General Host Corp.*, 895 F. Supp. 1416, 1418 (D. Kan. 1995) (allowing substitution of parties during trial on the basis Rule 17(a) seeks to prevent dismissal of meritorious claims and that any potential prejudice to the defendant could be addressed and remedied by the court).

[12]Doc. 21 (Revised Scheduling Order).

[13]Doc. 35.

purpose of Rule 17(a), while avoiding the undesired result of terminating what may be a valid claim based on what amounts to nothing more than a technical pleading error by Plaintiff's attorney.

In addition, the Court finds that the Fittells have suffered no prejudice by Mr. Heeb not having been earlier named as the proper plaintiff. The Fittells do not argue that they would have conducted different or additional discovery had Mr. Heeb been the named plaintiff, or that this lawsuit would have proceeded in any different manner. By at least the date of the final pretrial conference, the Fittells clearly knew that Mr. Heeb was the administrator of the estate, and that he should have been named as the plaintiff in the case. In fact, the Fittells even listed Mr. Heeb as a witness in the Pretrial Order, indicating that they were even then aware of his role in this case.

By allowing substitution of Mr. Heeb at this stage of these proceedings, the Court is not, in any way, condoning the actions of counsel for the Estate for failing to name the proper party in the first instance, or failing to act sooner to substitute the proper plaintiff. However, given the fact that the Fittells have suffered no prejudice by having Mr. Heeb's name left off of the pleadings in this case, and that substitution of Mr. Heeb as the plaintiff in this case will fully meet the purposes of Fed. R. Bankr. P. 7017, the Court finds that allowing the substitution of Mr. Heeb is the just and equitable way to deal with the procedural error made in prosecuting this case.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Defendants' Motion to Dismiss is denied.

**IT IS FURTHER ORDERED** that Plaintiff's request to substitute parties, which was contained in its Reply to Defendants' Motion to Dismiss,[14] is granted. Jeffrey Heeb, Administrator of the Estate of Michael John Maher, shall be substituted as Plaintiff in all further pleadings.

---

[14] Doc. 44.

**IT IS FURTHER ORDERED** that the trial of this matter will commence at **9:00 a.m. on June 7, 2006**, as the parties were advised on April 22, 2006, and the parties are reminded to review the Notice of Evidentiary Hearing or Trial setting forth the required procedures for marking and exchanging trial exhibits.

###